UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

ALEXANDER MALDONADO, JR.,     Plaintiff,

v.     Civil Action No. 1:20-cv-P144-DJH

SAM POTTER,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Alexander Maldonado, Jr., filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. STATEMENT OF FACTS

Plaintiff is a convicted inmate at the Warren County Regional Jail. He names as Defendant Sam Potter, a Warren Circuit Court Judge, in his individual and official capacity.

Plaintiff alleges that on January 8, 2020, Defendant ordered the Warren County Sheriff's Office (WCSO) to take him to "lifeskills" for an assessment of his mental health and that before the assessment was done Defendant ordered a 72-hour stay. Plaintiff states that, before this, "I advised I had to report to Probation and Parole [but] WCSO ignored me." He asserts that before the 72-hour hold was up Defendant ordered a 30-days "max hold". He states that due to Defendant's orders he missed his son's birth and that, since he missed his report date, a motion was filed to revoke his shock probation costing him his freedom "and potentially getting to name [his son]."

As relief, Plaintiff asks for monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant is a state-court judge. Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Neither of these exceptions to judicial immunity is applicable here because it is evident that the alleged actions of Defendant were taken in the course of his judicial capacity and were not committed in the complete absence of all

jurisdiction. Consequently, Plaintiff's complaint must be dismissed for seeking monetary relief from a defendant who is immune from such relief. § 1915A(b)(2).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: February 10, 2021

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4415.009

3